IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL ACTION |
| v. | : | |
| | : | NO. 12-418-03 |
| KAREEM LONG | : | |

**MEMORANDUM**

**Chief Judge Juan R. Sánchez**                                                    **March  30, 2023**

Defendant Kareem Long has filed a Motion for Reduction of Sentence Pursuant to 18

U.S.C. § 3582 (c)(1)(A)(i) alleging several "extraordinary and compelling" reasons which he

submits warrant his early release from custody.  Because the Court finds that the grounds alleged

are neither extraordinary nor compelling, Long's motion shall be denied.

**CASE HISTORY**

In July 2012, Long was part of a multi-defendant conspiracy to rob a "stash house" that

was believed to hold a large quantity of cocaine in Philadelphia.  In actuality, the stash house did

not exist but was a ruse created by a government sting operation which was focused on a different

target.  Long was charged and ultimately convicted of conspiracy to commit Hobbs Act robbery,

attempted Hobbs Act robbery, conspiracy and attempt to possess with the intent to distribute 5

kilograms or more of cocaine and carrying a firearm during and in relation to a crime of violence

and to a drug trafficking crime and aiding and abetting.  Crim. Compl. 1, ECF No. 1.  He was

sentenced to a total term of imprisonment of 192 months on August 20, 2014.  Long appealed but

his conviction and sentence were affirmed by the U.S. Court of Appeals for the Third Circuit on

May 5, 2016.  ECF No. 573.

At present, Long is incarcerated at USP Thomson in Illinois and has a projected release date of May 2, 2027.  Def's Mot. Reduce Sent. 2, ECF No. 840.  In moving to reduce his sentence, Long alleges the following are "extraordinary and compelling reasons" to grant him relief: (1) the "gross disparity" between his sentence and the sentence he would likely receive today as a result of the "drastic change in the charging and sentencing landscape since he was sentenced"; (2) the length of time he has been incarcerated; (3) his "post-offense rehabilitation";  and (4) his "family circumstances" arising from the purported need for Long to serve as a caregiver to his 91-year old grandmother.  *Id.* at 1.

## LEGAL STANDARDS

As a general rule, a federal court "may not modify a term of imprisonment once it has been imposed." *Dillon v. United States,* 560 U.S. 817, 819 (2010) (quoting 18 U.S.C. § 3582(c)).  There are, however, a few, limited exceptions to this general principle, one of which is outlined in § 3582(c)(1)(A) and allows courts to grant early "compassionate release" to inmates where extraordinary and compelling circumstances warrant such relief.

Under § 3582(c)(1)(A)(i), the Court can reduce a term of imprisonment on motion by a defendant "after considering the factors set forth in [18 U.S.C.] §3553(a) to the extent that they are applicable, if it finds that - (i) extraordinary and compelling reasons warrant such a reduction" . . .  "and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C § 3582(c)(1)(A).[1] The § 3553(a) sentencing factors which

---

[1] Specifically, § 3582(c)(1)(A) provides:

> **(c) Modification of an imposed term of imprisonment. –** The court may not modify a term of imprisonment once it has been imposed except that –
>
> **(1)** in any case –

apply to Long are "the nature and circumstances of the offense, . . . the history and characteristics of the defendant," and "the need for the sentence imposed to reflect the seriousness of the offense[,] . . . to promote respect for the law, . . . to provide just punishment for the offense[,] . . . to afford adequate deterrence to criminal conduct[,] [and] to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(1), (2)(A)–(C).

The ability of a defendant to file a compassionate release motion directly is an innovation of the First Step Act of 2018. Prior to the Act's passage, an inmate could only obtain compassionate release if the Bureau of Prisons filed a motion for such relief on his or her behalf.

---

(A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that –

(i) extraordinary and compelling reasons warrant such a reduction; or

(ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

The Policy Statement referenced in § 3582(c)(1)(A) provides examples and mentions other factors which may be relevant in addition to those outlined in § 3553(a) but has yet to be updated by the Sentencing Commission since the First Step Act's enactment. By its terms therefore, the Policy Statement set forth at U.S.S.G. § 1B1.13, is limited to compassionate release motions initiated by the Bureau of Prisons and is therefore not binding on district courts considering defendant-initiated compassionate release motions.  Courts are therefore free to consider other reasons a defendant raises that are not specifically contemplated in the Policy Statement in determining whether a reduction in sentence is appropriate.  *United States v. Andrews*, 12 F. 4th 255, 260 (3d Cir. 2021). The Policy Statement, however, "still sheds light on the meaning of extraordinary and compelling reasons," and therefore continues to provide guidance in deciding § 3582(c)(1)(A) motions.  *Id*. District courts are vested with discretion in their weighing of the § 3553(a) factors and determining motions for compassionate release. *United States v. Pawlowski*, 967 F.3d 327, 330 (3d Cir. 2020).

**DISCUSSION**

As recited above, Long first argues the "gross disparity" between his existing sentence and what "he would likely receive today for the same offense" constitutes an extraordinary and compelling reason to now reduce his sentence.  Without specifically saying so, Long premises this argument on the Supreme Court's decisions in *United States v. Davis*, 139 S. Ct. 2319 (2019) (holding "residual" clause definition of "crime of violence" in 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague), and *United States v. Taylor*, 142 S. Ct. 2015 (2022) (holding attempted Hobbs Act robbery does not qualify as a "crime of violence" under the elements clause of § 924(c)(3)(A)).

The essence of Long's argument is a constitutional one which is not properly raised in a motion under § 3582(c)(1)(A), but rather must be pursued by following the collateral review

structure of 28 U.S.C. § 2255.  *See, United States v. Henderson*, 858 F. App'x 466, 469 (3d Cir. 2021) (holding previously rejected claim of sentencing error could never qualify as "extraordinary and compelling reason" for compassionate release); *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002) ("Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution") ; *Andrews*, 12 F.4th at 260-61 (holding the "duration of a lawfully imposed sentence does not create an extraordinary or compelling circumstance.").   And Long's § 924(c)(1)(A) sentence remains proper in any event insofar as it was imposed based upon his convictions for not only the predicate crimes of conspiracy to commit robbery and attempted Hobbs Act robbery but also the predicate drug trafficking crimes under 21 U.S.C. § 846.  Neither the *Davis* nor the *Taylor* decision has any impact on his conviction and sentence for carrying a firearm in relation to a drug trafficking crime.  *See, United States v. Rothmiller,* Crim. No. 19-251, 2023 U.S. Dist. LEXIS 9106 at *2 (E.D. Pa. Jan. 18, 2023) (holding *Taylor*  "did not involve any analysis of that section of 924(c)" [concerning conviction of possession of a firearm during drug trafficking crime] and is therefore inapplicable to that conduct); *Garrett v. United States*, Civ. No. 22-4680, 2022 U.S. Dist. LEXIS 230714 at *13 (C.D. Cal. Nov. 2, 2022) (holding even though *Taylor* found attempted Hobbs Act robbery is not crime of violence, "this change in the law does not affect Petitioner's conviction or sentence under Count 4" because Count 4 was based on his use of a gun during a drug trafficking crime).   Hence, Long's first argument fails both procedurally and on the merits.

Long next asserts that he warrants early release because of the length of time he has thus far served and his post-offense rehabilitation.  In making this argument, Long effectively relies upon the Sentencing Commission's Policy Statement which is set forth in U.S.S.G. § 1B1.13 and reads as follows:

Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. §3553(a), to the extent that they are applicable, the court determines that –

> **(1)(A)** Extraordinary and compelling reasons warrant the reduction; or
>
> **(B)** The defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;
>
> **(2)** The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> **(3)** The reduction is consistent with this policy statement.

The Commentary to the Policy Statement provides that extraordinary and compelling reasons may exist where the defendant is either suffering from a terminal illness, or is suffering from a serious physical or medical condition, a serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process "which substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."  U.S.S.G. § 1B1.13 cmt. n.1(A). Extraordinary and compelling reasons may also exist where "[t]he defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less," *id.* cmt. n.1(B), or where the caregiver of a defendant's minor children dies or becomes incapacitated, or a defendant's spouse or registered partner for whom the defendant would be the only caregiver becomes incapacitated, *id.* cmt. n.1(C).  Finally, the Policy Statement also contains a catchall provision giving "the Director of the BOP the authority to determine if 'there exists in the defendant's case an extraordinary and compelling reason other than, or in

combination with' the other categories." *United States v. Rodriguez*, 451 F. Supp. 3d 392, 396-397 (E.D. Pa. 2020) (quoting U.S.S.G. § 1B1.13 cmt. n.1(D)).  Under the Policy Statement, "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason." U.S.S.G. § 1B1.13 cmt. n.3. The defendant bears the burden of proof by a preponderance of the evidence on motions for compassionate release.  *United States v. Grasha*, 489 F. Supp. 3d 403, 406 (W.D. Pa. 2020); *United States v. Adeyemi,* 470 F. Supp. 3d 489, 501 (E.D. Pa. 2020).

Although not binding, the Court is nevertheless guided by the Policy Statement.  Long avers that he now "recognizes that he took time and education for granted," but "today, he understands that time, beside[s] air, is his most prized asset in addition to his mind and using it for the betterment of society."  Def's Mot. Reduce Sent. 10, ECF No. 840.  He further alleges his "remorse and rehabilitation are best demonstrated by his institutional record in the Bureau of Prisons," and that while he "has been cited for a few disciplinary infractions throughout the years given the unpredictability and sometimes deadly environment of the Federal Bureau of Prison, [sic] . . . for  the most part he no matter what kept striving to make the best of his situation while keeping his focus on becoming a better person and educating his self [sic] to the fullest extent." *Id.* at 11.  Long contends he has received certifications as a result of having taken various courses and is currently in the process of completing his GED.  *Id.*  Long adds that upon his release he will reside in Philadelphia with his grandmother and son, his family is prepared to give him all the financial and emotional support he needs to succeed, and he "will make every effort to secure lawful employment upon his release from prison."  *Id.*  Long also claims he is needed to serve as a caregiver to his 91-year-old grandmother who suffers from "multiple medical conditions, including arthritis which diminishes the ability to provide self-care, along with chronic seizures." *Id.* at 1.

These are not sufficient grounds to warrant release under § 3582(c)(1)(A).  Long has served just a little over one-half of his sentence and is now almost 32 years old. He alleges no serious illnesses or medical/mental health conditions, or cognitive impairment.  Long claims he is needed to care for his elderly grandmother (not his minor child or spouse) and he does not contend that he is the only caregiver available.[2]  While the Court is pleased to hear that Long now recognizes the wrongfulness of his actions, is taking advantage of prison programming and wishes to become a productive member of society upon his release, rehabilitation alone does not constitute an extraordinary and compelling reason.  28 U.S.C. § 994(t).   Moreover, as noted, it is Long who bears the burden of proving the facts which he alleges in support of his motion.  Long offers only the allegations contained in his motion; he has produced absolutely no evidence to support any of his contentions.  Consequently, the Court finds no basis to reduce Long's sentence and that the exercise of its discretion is best used to deny this motion.

An appropriate Order follows.

BY THE COURT:

/s/  Juan R. Sánchez

_____

Juan R. Sánchez,            C.J.

---

[2]  As the Government points out, it appears from Long's statement that since his family is prepared to give him the financial and emotional support he needs, there are family members who could also provide necessary care to his grandmother.  Gov't's Resp. Opp. Def's Mot. Reduce Sent. 4, ECF No. 845.